C. L. ODEM, Appellee, v. CORVAN VANDEWATER, Appellant.

**APPEAL AND ERROR:** Harmless Error—Erroneous Measure of Damages. One may not complain of an instruction which is much more favorable to him than the correct one would be. So held as to a measure of damages prejudicial to *appellee*.

PRINCIPLE APPLIED: On the trial of an action for damages for failure to convey property, the court instructed that the meas-

ure of damages was the value of the property which plaintiff would have received had defendant fulfilled his contract. On appeal by defendant, it was conceded by appellee that the true measure was the consideration which plaintiff paid. But the record showed that the value of the property which plaintiff would have received, had defendant kept his contract, was $1,600, while the amount which plaintiff paid was $2,000. *Held,* the error was necessarily harmless to appellant.

*Appeal from Adair District Court.*—W. H. FAHEY, Judge.

TUESDAY, NOVEMBER 21, 1916.

ACTION for damages for failure to convey real estate, pursuant to contract. There was a verdict for the plaintiff, and the defendant has appealed.—*Affirmed.*

*Frank B. Wilson,* for appellant.

*George A. Johnston, L. J. Camp* and *O. W. Witham,* for appellee.

EVANS, C. J.—The contract between the parties was oral. The plaintiff was a young man 20 years of age, and the owner of a certain restaurant property. He agreed orally with the defendant to exchange his property for certain property of the defendant's. Later, the defendant purported to convey to the plaintiff the property so agreed upon. The plaintiff was unfamiliar with the appropriate description of such property. He later discovered that the deed delivered to him did not include the property which he supposed he had purchased. The real issue between the parties was the identity of the property which the defendant agreed to convey to the plaintiff. According to the plaintiff, the property which the defendant showed to him was a residence property, comprising a house and lot. Under the evidence, it was worth about $1,600. Under the oral agreement, the plaintiff was to take the same subject to a mortgage of $100, and was to

APPEAL AND ERROR: harmless error: erroneous measure of damages.

execute back to the defendant a note and mortgage for $250, as boot money. The property actually conveyed to the plaintiff by defendant's deed was a vacant lot, which, by the undisputed testimony, was worth not to exceed $50 or $75. The weight of the evidence in all its circumstances greatly preponderates for the plaintiff. It is hardly conceivable that the plaintiff, whose property was unencumbered, would have received in exchange therefor a $75 lot, subject to a mortgage of $100, and would then have given $250 as boot money between the two properties. There is no attempt at explanation of this circumstance in the record. The one point in the record upon which the appellant claims a reversal is an alleged error in the instruction upon the measure of damages. The trial court allowed the plaintiff to recover the value of the house and lot which he was to have received, the defendant, in the meantime, having disposed of the same. The contention for the appellant is that the petition charged no fraud, and that, under the allegations of the petition as cast, the true measure of damages was the consideration paid by the plaintiff, and not the value of the property which he was to receive. The appellee concedes that, under the allegations of the petition as made, the true rule is as contended for by the appellant. But he contends that the instruction as given, though erroneous, was more favorable to the defendant than he was entitled to. It does appear in the evidence, without dispute, that the consideration paid by the plaintiff to the defendant was $2,000. This consideration is recited and acknowledged by the defendant in the deed which he actually executed and delivered to the plaintiff, and which covered the wrong property. It · also appears in the evidence that the house and lot were worth not to exceed $1,600. Plaintiff's recovery was for $1,325. If the court had given the correct rule of measure of damages as both parties here concede, the undisputed evidence would have required the jury to render a verdict for $2,000. It would have been the duty of the court to so instruct. Appellee's point, therefore, is well taken.

The erroneous instruction worked no prejudice to the appellant.

The judgment below, therefore, must be affirmed.—*Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.